**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Stephen P. BASINGER, Respondent.**

**No. 2000–SC–0188–KB.**

Supreme Court of Kentucky.

May 18, 2000.

Bruce K. Davis, Executive Director, Reid Allen Glass, Kentucky Bar Association, Frankfort, for Complainant.

Stephen P. Basinger, Ft. Thomas, for Respondent.

### OPINION AND ORDER

The Kentucky Bar Association charged Respondent, Stephen Basinger, with three violations of the Kentucky Rules of Professional Conduct: SCR 3.130–1.3, failure to act with reasonable diligence and promptness in representing a client; SCR 3.130–1.4(a), failure to keep his client reasonably informed about the status of his representation; and SCR 3.130–1.5(a), accepting a fee from a client and thereafter failing to render legal services justifying the fee.

A hearing was held before a Trial Commissioner in October of 1999. His findings of fact revealed the following: in April of 1996, Respondent agreed to represent Joyce Linville, the complaining witness herein, in a real property dispute against a Timothy Wesley. According to Linville, she engaged Respondent to "get the release of the land contract [to Wesley] off of the deed." No formal agreement regarding the fees for Respondent's legal service was reached until approximately five months after he began representing Linville.

The Trial Commissioner found Respondent made reasonable and diligent attempts to accomplish the stated purpose of the representation from April of 1996 until late 1996 or early 1997. These efforts included sending a demand letter and a quitclaim deed to Wesley, performing several records checks in several counties regarding the property at issue, and telephoning and visiting Wesley's place of employment. During this time period, Respondent discussed the matter with Linville in three or four phone calls and one personal visit. However, from early 1997 until May of 1998, Respondent did not pursue Linville's legal matter further, nor did he communicate with her about the matter, except to send an occasional billing invoice for fees charged.

In May of 1998, Linville asked Respondent to refund the fees she had paid to him. At this time, Respondent agreed to file a foreclosure action against Wesley by August 15, 1998. He further agreed to refund the fees to Linville if no action was filed by that date. Following this conversation of May of 1998, Respondent had no further communications with Linville, and he failed to file the foreclosure action as promised. He did not return the legal fees to Linville as promised.

Respondent explains his failure to file the foreclosure action in August of 1998 and his failure to further communicate with Linville as a result of an automobile accident which occurred in late July of 1998 during which he was injured. Following this accident, Respondent's law office was closed for an extended period due to his injuries and subsequent complications. He did not have in place internal office procedures or policies for the supervision and handling of client matters in the event of a protracted absence, disability, or cessation of legal practice.

The Trial Commissioner found that, despite Respondent's unfortunate accident, he could have proceeded with a foreclosure action at any time after early 1997 when his initial efforts to locate Wesley had failed. Therefore, based upon the forego-

ing findings of fact, the Trial Commissioner found Respondent guilty of violating SCR 3.130–1.3 for failing to undertake any effort to satisfy the objectives of his representation of Linville after early 1997, and SCR 3.130–1.4(a) for failing to keep Linville reasonably informed about the status of her case. The Commissioner found Respondent did not violate SCR 3.130–1.5, as charged, because he provided sufficient services to justify the fees he charged Linville.

Given that Respondent had no prior disciplinary history, the Commissioner recommended Respondent be disciplined by a public reprimand. Respondent did not appeal the Commissioner's findings. Therefore, the Board of Governors did not sit on this matter, and the case was passed directly to this Court. We note that there was no finding that Linville suffered any irreparable harm from Respondent's actions. Therefore, we accept the Trial Commissioner's recommendation. Accordingly, it is hereby ORDERED that:

1. Respondent, Stephen P. Basinger, is hereby publicly reprimanded for his professional misconduct.

2. In accordance with SCR 3.450(1), Respondent is directed to pay the costs of this action in the amount of $1,256.49 for which execution may issue from this Court upon finality of this Order.

ENTERED: May 18, 2000.

/s/ Joseph E. Lambert
Chief Justice

All concur.